NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathaniel Wade, | No. CV-21-01599-PHX-SRB |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, et al., | |
| Respondents. | |

Petitioner, Nathaniel Wade filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on September 17, 2021 raising two grounds for relief.  In Ground One, Petitioner asserted a claim of improper *ex parte* communication between the trial judge and the prosecutor. In Ground Two, Petitioner claimed due process violations based on the trial judge's alleged pecuniary interest in the outcome of his case. Respondents filed their Answer on November 22, 2021 arguing that the claim in Ground One was without merit and that the claim in Ground Two was procedurally defaulted.  In his Reply, Petitioner first argued that Respondents had failed to show subject matter jurisdiction of the state court and second that his claims have merit.

The Magistrate Judge issued his Report and Recommendation on February 23, 2022 finding that there was no requirement for the Respondents to allege and show state court subject matter jurisdiction in their Answer to a federal habeas petition, that Ground One was without merit and that Ground Two was procedurally defaulted without excuse.  The Report and Recommendation recommended denial of the Petition as to Ground One,

dismissal with prejudice as to Ground Two and denial of a Certificate of Appealability.

Petitioner filed a timely Objection to Report and Recommendation on Petition for Writ of Habeas Corpus on March 7, 2022.  Respondents filed their response to the Objection entitled Reply to Objection to Report and Recommendation on March 22, 2022. Petitioner filed an unauthorized Objection to Respondents' "Reply to Objection to Report and Recommendation," which is a substantive reply to Respondents' response to his objections, on April 4, 2022.  Respondents have moved to strike the Objection to Respondents' "Reply to Objection to Report and Recommendation."

## RESPONDENTS' MOTION TO STRIKE

In his Report and Recommendation, the Magistrate Judge advised the parties of their opportunity to file objections to his Report and Recommendation within 14 days from service and "[t]hereafter, the parties have fourteen (14) days within which to file a response to the objections." (Doc. 11, R. & R. at 9.)  Respondents' Reply to Objection to Report and Recommendation is the response to Petitioner's Objections specifically authorized by the Magistrate Judge. The unauthorized filing is Petitioner's Objection to Respondents' "Reply to Objection to Report and Recommendation."  While this filing stated at the outset that he was objecting to Respondents' response to his Objections for lack of citation to any rule, Petitioner's twelve-page filing is a substantive re-argument of both his Petition and his Objections.  It is Petitioner's filing that is not authorized by any rule.  Respondents' Motion to Strike will be granted.[1]

## SUBJECT MATTER JURISDICTION

In his Reply in support of his Petition, Petitioner asserted that Respondents had defaulted on their defenses to his Petition by failing to show subject matter jurisdiction of the state court over his criminal proceedings.  Finding no authority for Petitioner's contention that Respondents must affirmatively establish state court jurisdiction in a habeas petition, the Magistrate Judge concluded that at best a claim of lack of state court subject

---

[1] Even if the Court were to consider Petitioner's Objection to Respondents' "Reply to Objection to Report and Recommendation," it would not change the outcome as the Court agrees with the Magistrate Judge that the Petition is without merit as will be more fully explained below.

matter jurisdiction might be part of a petitioner's claims for which the petitioner would bear the burden of proof.  In his Objections, Petitioner argues that he can raise subject matter jurisdiction at any time and having raised it in his Reply, Respondents now bear a burden of proving it.  While Petitioner says that "[t]he R&R is abjectly wrong here," (Doc. 12, Obj. to R. & R. ("Obj.") at 2.) he still fails to provide any authority and this Court is still aware of none that requires Respondents to prove state court subject matter jurisdiction in response to Petitioner's questioning of it in his Reply.[2]  Petitioner's Objection relating to subject matter jurisdiction will be overruled.

### GROUND ONE-EX PARTE COMMUNICATIONS

Petitioner claimed a denial of due process based on an email communication between the state court and the prosecutor about an extension of time to respond to Petitioner's Petition for Post-Conviction Relief. Petitioner's advisory counsel was copied on the email but Petitioner was not.  This claim was raised in the state court Post-Conviction Relief proceedings and the Arizona Court of Appeals rejected the claim finding that the email did not constitute an improper *ex parte* communication because Petitioner's advisory counsel was included on the email.  The Court of Appeals further concluded that Petitioner had had a full and fair opportunity to challenge the state's late filing and that he had failed to show that providing the email to him at the same time that it was provided to advisory counsel would have resulted in a different outcome.

The Magistrate Judge set out the standard for this Court's review of this denial of due process claim.  Petitioner is entitled to relief only if he shows that the Court of Appeals' decision was "contrary to or an unreasonable application of Supreme Court law or based on an unreasonable determination of the facts." (R. & R. at 7.)  The Magistrate Judge noted that Petitioner's Reply failed to point out any remediable errors in the Court of Appeals' decision and instead reargued the purported merit of his *ex parte* communication claim.  In his Objections, Petitioner says that he is not required to show how he was prejudiced because "[t]he ex parte communication was in and of itself prejudicial." (Obj. at 7.)  He

---

[2] Petitioner offers nothing in his Reply or in his Objections that would raise a colorable claim of lack of state court subject matter jurisdiction over his criminal proceedings.

also asserts that the Arizona Court of Appeals judges are receiving the same "GRAFT" as the trial judge.

Petitioner is wrong in his assertion that he does not have to show prejudice based on the alleged *ex parte* communication.  And Petitioner's Objections fail to address at all any claimed error in the Magistrate Judge's primary conclusion that the ruling of the Arizona Court of Appeals was not contrary to or an unreasonable application of Supreme Court law.  The Magistrate Judge found no Supreme Court decision addressing Petitioner's contention that communication through advisory counsel is sufficient to treat a communication as *ex parte*.  Petitioner's objection to the recommendation for denial of Ground One of his habeas petition will be overruled.

### GROUND TWO-PROCEDURAL DEFAULT

Petitioner asserted a claim of conflict of interest for the first time before the Arizona Court of Appeals on his Petition for Review of the state trial court's denial of his Petition for Post-Conviction Relief.  The Arizona Court of Appeals rejected this claim because it was not raised in his Petition to the trial court.  Because presentation to the Arizona Court of Appeals for the first time is not fair presentation sufficient to exhaust Petitioner's state court remedies, the Magistrate Judge found the claim procedurally defaulted and recommended its dismissal with prejudice.

Petitioner's Objections seem to be based on his view that he can raise this claim in this habeas petition because he only recently obtained documents that he believes support his claim.  He argues only the merits of this questionable claim[3], and fails to address the Magistrate Judge's conclusion that his claim was procedurally defaulted because it was never fairly presented to the state court in his Petition for Post-Conviction Relief.  Petitioner's objections will be overruled.

. . .

---

[3] Petitioner's claim is that because the trial judge participated in the Elected Officials Retirement Plan and because that plan held stock in Core Civic where Petitioner is incarcerated, the trial judge had a personal interest in convicting and imprisoning him.  He also uses the words "BRIBE" and "GRAFT" in describing this claim.  The claim, even if not procedurally defaulted, is clearly without merit.

IT IS ORDERED overruling Petitioner's Objection to the Report and Recommendation. (Doc. 12)

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 11)

IT IS FURTHER ORDERED that Ground One of the Petition for Writ of Habeas Corpus is denied.

IT IS FURTHER ORDERED that Ground Two of the Petition for Writ of Habeas Corpus is dismissed with prejudice

IT IS FURTHER ORDERED denying any Certificate of Appealability and leave to proceed in *forma pauperis* on appeal. The denial of Ground One of the Petition is justified because Petitioner has not made a substantial showing of the denial of a constitutional right. The dismissal of Ground Two of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

IT IS FURTHER ORDERED granting Respondents' Motion to Strike Objection to Respondents' Reply to Objection to Report and Recommendation. (Doc. 15)

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 12th day of April, 2022.

Susan R. Bolton
United States District Judge